# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INSTITUTE FOR DISABILITIES          )
RESEARCH AND TRAINING, INC.,        )
                                    )
            Plaintiff,              )
                                    )
      v.                            )          Case No. 05-176-GMS
                                    )
WAL-MART STORES, INC.,              )
                                    )
            Defendant.              )

## JOINT STATUS REPORT

Plaintiff Institute for Disabilities Research and Training, Inc. ("IDRT") and defendant Wal-Mart Stores, Inc. ("Wal-Mart") submit this report in connection with the Scheduling Conference set for Wednesday, July 27, 2005, at 2:00 p.m. EDT.

1.     **Jurisdiction and Service.**  The Court has subject matter jurisdiction.  All parties are subject to the Court's jurisdiction, and no parties remain to be served.

2.     **Substance of the Action.**  The action relates to a March 2002 Development Agreement whereby IDRT was to adapt certain computer-based learning modules so that they would be usable by Wal-Mart's hearing-impaired employees.  IDRT asserts that Wal-Mart owes additional sums under the agreement, plus interest.  Wal-Mart disputes those claims and asserts that it has paid the amounts to which IDRT is entitled.

3.     **Identification of Issues.**

A.     This is a breach of contract claim based on the document entitled *Development Agreement*.  For training of its employees, Wal-Mart had previously developed proprietary Computer-Based Learning ("CBL") software for training its employees in a number of different subjects. The Agreement provided that the plaintiff, IDRT, would redevelop the

CBL software in a way to make it accessible to the hearing impaired, by interpreting the audio portion of each CBL software program into American Sign Language ("ASL"), producing video clips of certified ASL signers, signing the audio portion and relevant visual portions of each of Wal-Mart's CBL modules and submitting the video clips with coding instructions to Wal-Mart for the video clips to be superimposed on the relevant points on the respective CBL modules. The Agreement provided that the development services would be provided in four phases (*i.e.*, Phases I, II, III, and IV). (¶25A, Agreement). For each phase, a "phase contract price" was established for plaintiff's development services. (¶25B, Agreement). The amount and method of billing for plaintiff's services was based on $266.50 for each "screen" on each CBL module submitted to plaintiff for development in a particular phase.(¶25F(1), Agreement). If the number of CBL modules submitted for development in each phase was less than a specified minimum (90 and 60, respectively, for Phases I and II), Wal-Mart was to pay the "phase contract price," reduced by the amounts previously paid to IDRT for the CBL modules developed during the respective phase. (¶25F(2), Agreement). After Phase I, Wal-Mart could opt out of development services for each subsequent phase. Phase I and Phase II under the Agreement were completed.

      B.     Plaintiff contends that each "phase" was defined by the number of CBL modules to be submitted to IDRT for development in accordance with an ASL Master Time Line ("ASL MTL") that was attached and incorporated as part of the Agreement. Plaintiff contends that the termination date of Phase I in accordance with the ASL MTL was 3/22/01 when the schedule called for it to receive the 90th CBL module for development. (¶39, Complaint and Exhibit 2 thereto). Plaintiff contends by the termination date of Phase I, Wal-Mart had submitted to it a total of 93 CBL modules for development. (¶39, Complaint). Plaintiff contends that the number of CBL modules submitted for development in Phase I exceeded the minimum

2

number to be submitted, so that the computations and liability for payment for development services in Phase I was calculated in accordance with the number of "screens" in the CBL modules submitted for development in Phase I.  Wal-Mart contends that Phase I ended and Phase II began after Wal-Mart's delivery of the 90th CBL module to IDRT.  (¶25A, Agreement).

        C.     Within the time provided in the Agreement, Wal-Mart opted out of Phases III and IV of the Agreement.  The plaintiff contends that in Phase II, Wal-Mart submitted 51 CBL modules, less than the minimum number of 60 CBL modules it agreed to submit for development in Phase II and, accordingly, Wal-Mart owes the plaintiff the difference between the Phase II "Phase Contract Price" and the per screen billing price for the number of screens developed for the number of CBL modules submitted and developed in Phase II.  Wal-Mart claims it submitted at least 60 CBL modules in Phase II so that it is not liable for the difference between the Phase Contract Price and the charges for per screen billing for the CBL modules developed in Phase II.

        D.     These are the principal issues:

        1.     How does the Agreement define each "phase"?  (Plaintiff contends each phase is based on the dates in and by which the number of modules identified in the ASL MTL were scheduled to be submitted.  Wal-Mart contends each phase was defined by the number of modules to be submitted in the respective phase).

        2.     Is the Agreement ambiguous?

        3.     How does the Agreement define the term "CBL module"?

        4.     Factually, how many CBL modules were submitted in Phase I and Phase II, respectively?

        5.     Based on the factual determination in paragraph 4, is IDRT entitled to payment of the Phase Contract Price for Phase II (¶25F(2), Agreement)?

4.     **Narrowing of Issues.**  It is possible that issues may be narrowed on motions for summary judgment.

5.     **Relief.**  Plaintiff seeks damages for breach of contract as follows:

Additional billing/Phase I – $18,145.

Additional billing add-ons and miscellaneous work, unpaid expenses –  $1,238

Phase II contract billing – $154,916

Interest charges as of 3/10/05 – $27,276

Attorneys' fees and legal expenses

6.     **Amendment of Pleadings.**  No amendments are foreseen at this time.

7.     **Joinder of Parties.**  The parties do not anticipate the need to join any other party.

8.     **Discovery.**  The parties believe that a standard schedule for interrogatories, document requests, requests for admission, and depositions is appropriate.  Wal-Mart will take the depositions of Corinne K. Vinopol, President of IDRT, and Harvey Greenberg, Esquire.

9.     **Estimated Trial Length.**  Three (3) days.

10.     **Bench Trial.**  Neither party has demanded a jury, so the matter will be tried to the Court.

11.     **Settlement.**  The parties have discussed the possibility of settlement and mediation in an effort to resolve the dispute.

12.     **Other Matters.**  Wal-Mart understands that Mr. Greenberg may have significant knowledge of the facts inasmuch as he (a) participated in drafting the agreement and

4

(b) prepared the so-called revised final invoice on which this lawsuit is based.  Mr. Greenberg

may need to testify, and Wal-Mart may need to take discovery from him.

The undersigned counsel have conferred about each of the above matters.

OF COUNSEL:

Harvey Greenberg, Esquire
Law Offices of Harvey Greenberg
Suite 700
29 West Susquehanna Avenue
Towson, MD  21204
(410) 823-2277

MORRIS NICHOLS ARSHT & TUNNELL

By Patricia A. Uhlenbrock

Patricia R. Uhlenbrock (#4011)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200

*Attorneys for Plaintiff*

POTTER ANDERSON & CORROON LLP

By Gregory A. Inskip

Gregory A. Inskip (#270)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000

*Attorneys for Defendant*

Dated:  July 20, 2005
pac:689392

5