IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSTITUTE FOR DISABILITIES RESEARCH AND TRAINING, INC., <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant and Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 05-176-GMS |

## AMENDED ANSWER AND COUNTERCLAIM

Pursuant to leave granted by the Court at the July 27, 2005 scheduling conference and the August 5, 2005 Scheduling Order, defendant and counterclaim plaintiff Wal-Mart Stores, Inc. ("Wal-Mart"), by its undersigned counsel, files this Amended Answer and Counterclaim to the Complaint for Breach of Contract filed by plaintiff Institute for Disabilities Research and Training, Inc. ("IDRT"). The amendment to the Answer consists of the addition of the Counterclaim.

I.  **The Parties**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. The first two sentences are admitted. The third sentence is denied inasmuch as the phrases "its retail operations" and "the retail stores" are too vague to enable Wal-Mart to frame a responsive pleading.

II.   **Subject Matter and Personal Jurisdiction**

6.   This paragraph states a legal conclusion as to which no responsive pleading is required.

7.   Wal-Mart admits that the parties entered into the Development Agreement attached as Exhibit 2 to the Complaint and avers that this agreement was executed by IDRT on or about March 24, 2002 and by Wal-Mart on or about March 28, 2002. Wal-Mart neither admits nor denies the characterization of the Development Agreement on the ground that the agreement speaks for itself.

III.   **Background of Plaintiff's Undertaking in the Agreement**

8.   Admitted.

9.   Admitted.

10.   Admitted.

11.   Admitted.

IV.   **Plaintiff's Undertaking for Defendant**

12.   Admitted.

13.   Admitted.

14.   Wal-Mart admits that the training modules would be played or displayed by computers. By way of further answer, Wal-Mart avers that the Development Agreement speaks for itself.

15.   Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

16.   Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

17. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

18. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

V. **Wal-Mart's Payment Obligations**

24. Admitted.

25. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

26. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

27. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

28. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

29. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

30. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

31. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

32. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

33. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

34. Admitted.

35. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

36. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

37. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

38. Wal-Mart neither admits nor denies this characterization of the Development Agreement on the ground that the agreement speaks for itself.

**VI.    Wal-Mart's Alleged Breach of Its Payment Obligations**

39. Wal-Mart admits that, at Wal-Mart's request, IDRT began to render its development services in or about December 2001 for Phase I. Wal-Mart denies the remainder of this paragraph.

40. Wal-Mart denies that IDRT received only 51 CBL Modules from Wal-Mart for development in Phase II. Wal-Mart admits that IDRT continued its performance under the Development Agreement.

41. Admitted.

42. Admitted.

43. Wal-Mart admits that IDRT submitted invoices to Wal-Mart during Phases I and II and thereafter. Wal-Mart neither admits nor denies the balance of this allegation on the basis that the Development Agreement speaks for itself.

44. Wal-Mart avers that it timely paid IDRT all amounts to which IDRT was entitled, and Wal-Mart denies any allegation in this paragraph to the contrary.

45. Wal-Mart avers that it timely paid IDRT all amounts to which IDRT was entitled, and Wal-Mart denies any allegation in this paragraph to the contrary.

46. Wal-Mart admits that, on or about January 23, 2003, IDRT submitted what purported to be a Final Invoice for $152,446.57 to Wal-Mart.

47. Denied.

48. Wal-Mart admits that IDRT submitted a purported revised Final Invoice dated February 19, 2003, that this invoice was in the amount of $174,299.57, and that it is attached as Exhibit 3 to the Complaint. Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

49. Admitted.

50. Wal-Mart denies that IDRT provided an accurate accounting in the revised final invoice. Wal-Mart admits that it did not pay IDRT any further monies and further avers that Wal-Mart already had paid IDRT all sums to which it was entitled. Wal-Mart lacks sufficient information to form a belief whether IDRT made a written demand for payment on May 22, 2003.

51. Denied.

52. Wal-Mart denies that it had an appointment with IDRT and admits that, in June 2003 and thereafter, it had no contact with and made no payment to IDRT.

53. Denied.

54. Denied.

## CLAIM FOR BREACH OF CONTRACT

55. The responses to the allegations in Paragraphs 1 through 54 are reasserted and incorporated by reference herein as if set forth in their entirety.

56. Admitted.

57. Wal-Mart admits that it has refused to remit payment for the Final Revised Invoice. The remainder of this paragraph is denied.

58. Denied.

59. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, Wal-Mart requests that the Complaint be dismissed with prejudice and that Wal-Mart be awarded its costs incident to defending this action and such other relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant and counterclaim plaintiff Wal-Mart Stores, Inc. ("Wal-Mart"), a Delaware corporation, by and through its attorneys, files this Counterclaim against Institute for Disabilities and Training, Inc. ("IDRT"), a Maryland corporation, and states as follows:

### I.    Parties

1. Wal-Mart has its corporate headquarters in Bentonville, Arkansas, and operates retail stores throughout the United States and around the world.

2. IDRT has its principal office in Wheaton, Maryland, and provides development, training, and technical assistance to businesses that employ people with disabilities, particularly persons who are hearing impaired.

## II. Subject Matter and Personal Jurisdiction

3. The Court has jurisdiction over the parties and the subject matter of IDRT's Complaint filed on March 22, 2005.

4. This Counterclaim is based on the same March 2002 agreement ("Development Agreement") that is the basis of IDRT's Complaint.

5. This Counterclaim is compulsory within the meaning of Rule 13(a), Fed. R. Civ. P., and is within the Court's ancillary subject matter jurisdiction.

## III. Basis of the Claim

6. The Development Agreement sets the terms whereby (1) IDRT translated computer-based learning modules to formats that could be used by persons with hearing disabilities and (2) Wal-Mart compensated IDRT for such services.

7. Paragraph 25.D. of the Development Agreement provides as follows:

> D. Initial Payment. Wal-Mart agrees to pay the amount of fifty thousand dollars ($50,000) to IDRT at the time it executes this Agreement. This amount will be credited against the last payment due by Wal-Mart to IDRT, according to the manner of payment hereafter provided.

8. Wal-Mart paid $30,000 of said deposit on or about February 14, 2002 and the remaining $20,000 on or about August 9, 2002.

9. IDRT concedes in its Revised Final Invoice attached to the Complaint that Wal-Mart is entitled to credit for the $50,000.

10. IDRT's Revised Final Invoice erroneously claims that IDRT is entitled to sums in excess of the $50,000 owed to Wal-Mart. As a result, IDRT has failed to remit the $50,000 to which Wal-Mart is entitled under the Development Agreement.

**WHEREFORE**, Wal-Mart requests that the Court enter judgment in favor of Wal-Mart and against IDRT in the amount of fifty thousand dollars ($50,000), plus pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By _____
Robert K. Payson (#274)
Gregory A. Inskip (#270)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rpayson@potteranderson.com
ginskip@potteranderson.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

Dated: August 10, 2005
692507 / 29009

8