THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSTITUTE FOR DISABILITIES RESEARCH AND TRAINING, INC. <br><br> Plaintiff <br> v. <br><br> WAL-MART STORES, INC. <br><br> Defendant | * <br> * <br> * <br> Case No. 05-176-GMS <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \*

**MOTION TO AMEND OR ALTER JUDGMENT,
ALTERNATIVELY, FOR RELIEF FROM JUDGMENT**

Plaintiff, Institute for Disabilities Research and Training, Inc., (IDRT) files this Motion in accordance with Federal Rule of Civil Procedure 59, and alternatively, Federal Rule of Civil Procedure 60, to amend or alter the Judgment of this Court entered on September 25, 2007 or to provide relief from the said Judgment, and for cause states as follows:

1. On September 25, 2007, the Court entered a Judgment in the above-captioned case in favor of the Plaintiff, IDRT, and against the Defendant, Wal-Mart, on the Plaintiff's contract claim pursuant to the issuance of the Court's Memorandum and Order also dated September 25, 2007.

2. The Judgment did not include a specific monetary amount.

3. That the case was tried before the court on April 24, 2006 at which time testimony and exhibits were offered with respect to the contract claim and the amount due thereon.

4. In Paragraph 16 of the Findings of Fact in the Court's Memorandum of September 25, 2007, the court reiterated that the revised final invoice sent by Plaintiff to the Defendant was the basis of the contract claim:

> After Wal-Mart questioned various items on the "Final Invoice", Mr. Greenberg prepared a "Revised Final Invoice", in the amount of $174,229.57, which IDRT submitted to Wal-Mart on February 26, 2003. Wal-Mart did not pay the "Revised Final Invoice", and IDRT subsequently brought this action. (Facts, at 6.)

5. In paragraph 2 of the Conclusion of the Court's September 25, 2007 Memorandum, the Court concluded as follows:

> . . . Wal-Mart did not meet its obligation under the Agreement of delivering 150 modules during Phases I and II, and the court concludes that (A) IDRT is entitled to additional compensation for Phase II based on the "Phase Contract Price".

6. Further in paragraph 2 of the Conclusion of the Court's Memorandum of September 25, 2007, the Court concluded as follows:

> The parties have also stipulated that the $28,292.01 credit shall be set off against any amount Wal-Mart owes to IDRT. (Id.) Accordingly, the court concludes that IDRT is entitled to recover additional compensation for Phase II based on the "Phase Contract Price" reduced/produced by the $28,292.01 credit owed by IDRT to Wal-Mart.

7. On October 3, 2007, as a result of the court's September 25, 2007 Memorandum and Judgment, counsel for the Plaintiff contacted counsel for the Defendant with respect to the Judgment not having included a monetary amount and discussed a monetary amount that would comply with the court's Judgment. The Plaintiff reiterated that the amount included by the Judgment started with the amount stated in the "Revised

Final Invoice" of February 26, 2003; namely, $174,299.57, reduced by the credit included in the court's Memorandum of $28,292.01, leaving a balance due as of March 27, 2007, $146,007.55.

8.  The Plaintiff reiterated that the contract rate of interest was 8% per annum on the unpaid balance of $146,007.55 since March 27, 2003, the computation of which, as of September 27, 2007, was $52,562.71.  (Note:  March 27, 2003 was the triggering date for interest, allowing thirty (30) days after the February 26, 2003 "Revised Final Invoice".)

9.  The Plaintiff memorialized the discussions with counsel for the Defendant by letter of October 3, 2007, a redacted copy of which is attached hereto is Exhibit 1.

10.  Counsel for Defendant indicated he would forward the amounts discussed by counsel to Wal-Mart and advised Plaintiff whether the Defendant was in agreement therewith.

11.  That since October 3, 2007, Plaintiff's counsel has contacted Defendant's counsel in order to determine Wal-Mart's response and, as of October 24, 2007, Wal-Mart has not responded.

12.  The court's Judgment and Memorandum makes clear that the damages or amount owed was the balance of the Revised Final Invoice (PX 31, Trial Exhibit), less the stipulated credit, plus contract rate of interest of 8%, all of which evidence was produced at trial.

13.  That the Plaintiff had not filed the Motion to Alter or Amend the Judgment or Relief from the Judgment of September 25, 2007 prior to this time because it believed and had reason to believe that Wal-Mart, was prepared to pay the amounts

reflected in their discussions of October 3, 2007 and did not wish to needlessly file additional motions and memoranda in this matter.

14.  That contemporaneous with this Motion, the Plaintiff has filed a motion in accordance with Federal Rules of Civil Procedure 6(b) for an enlargement of time, namely thirty (30) days from the date of the Judgment to file a Motion to Alter or Amend Judgment which would encompass the filing of this Motion.

15.  Alternatively, this motion is filed under Federal Rules of Civil Procedure 60(b) for the reason that the Plaintiff had reason to believe that the court's Judgment and Memorandum fairly and descriptively provided the basis for which the Defendant would remit the amount due based on the "Phase Contract Price" in Phase II and credit; and absent a Judgment reflecting a monetary amount, the Judgment of September 25, 2007 would provide no relief to Plaintiff.  Accordingly, Plaintiff respectfully submits this Motion as is appropriate under Federal Rules of Civil Procedure 60(b)(6).

16.  The Plaintiff filed its Bill of Costs on October 25, 2007 reflecting costs of $3,120.10.

WHEREFORE, for the reasons stated above, Plaintiff respectfully submits that the court revise the Judgment of September 25, 2007 to include a monetary amount to be included in the Judgment; namely, $146,007.55, as of March 27, 2003 and contract interest of 8% per annum, which accumulates to $52,501.71 as of September 25, 2007, and costs of

$3,120.10, for a total judgment as of September 25, 2007 of $201,629.36, plus post-judgment interest at 8% per annum.

**MORRIS JAMES LLP**

_____
Patricia R. Uhlenbrock (#4011)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6880
puhlenbrock@morrisjames.com
*Attorneys for Plaintiff,*
*Institute for Disabilities Research*
*and Training, Inc.*

OF COUNSEL:

Harvey Greenberg, Esquire
29 W. Susquehanna Avenue – Suite 700
Towson, MD 21204
(410) 823-2277

DATED: October 25, 2007