# EXHIBIT 1

LAW OFFICES
OF
**HARVEY GREENBERG**

THE SUSQUEHANNA BUILDING
29 WEST SUSQUEHANNA AVE. SUITE 700
BALTIMORE, MD 21204
TEL: 410.823.2277  FAX: 410.823.0610

October 3, 2007

<u>**VIA FACSIMILE – (302) 778-6016**</u>
<u>**AND FIRST CLASS MAIL**</u>

Gregory A. Inskip, Esquire
Potter, Anderson & Corroon LLP
1313 North Market Street
PO BOX 951
Wilmington, DE   19899-0951

         Re: IDRT v. Wal-Mart
            Case No. 05-176-GMS
            (U.S. District Ct. for Delaware)

Dear Mr. Inskip:

  This letter follows up our telephone conversation of today, October 3, 2007, with respect to the above case.

  As I indicated, I carefully reviewed (and re-reviewed) the Court's Memorandum and Order issued in the above case on September 25, 2007. I also reviewed the submissions in the final Pre-trial Order, pg. 3, ¶ 3(g) (Exhibit 1); the Plaintiff's "Proposed Findings of Fact and Conclusions of Law", pg. 33, ¶ 18 - 21 (Exhibit 2); a letter from you to me dated May 19, 2006 and attached Stipulation in which we agreed to a credit of $28,292.01 (Exhibit 3). The credit was included in the Court's Memorandum, pg. 19, ¶ 2. As a result of my review and analysis, I started with the amount that was due to be paid by Wal-Mart as of March 27, 2003; that is, $174,299.57. The Court's Memorandum reflects that the additional compensation based on the phase contract price of Phase II was to be reduced by the credit and accordingly, I have reduced the amount of $174,299.57 by the credit, before application of interest. The balance that remained unpaid as of March 27, 2007 is $146,007.55.

  According to the contract, the parties agreed to 8% interest per annum on the unpaid balance and the date of March 27, 2003 reflects the time at which interest began to accrue. At simple interest of 8%, the annual interest on the balance of $146,007.55 is $11,680.60 each year. Between March 27, 2003 and March 27, 2007, four (4) complete years of interest payments have accrued or $46,722.27. Between March 27, 2007 and

LAW OFFICES OF
**HARVEY GREENBERG**

Gregory Inskip, Esquire
October 3, 2007
Page 2

---

September 27, 2007, another $5,840.30 in interest has accrued. Accordingly, up to and through September 27, 2007, the Judgment should be in the amount of $198,570.26 (including interest through September 27, 2007).

The *per diem* interest rate is $32.00 per day, but assuming Wal-Mart were to make an immediate payment, we can use the amount stated here as the amount to be paid on the Judgment, plus costs.

# REDACTED

The Order that I received from Pat Uhlenbrock stated that for the reasons in the Memorandum, the Court shall enter Judgment in favor of IDRT against Wal-Mart on IDRT's contract claim. I understand that you have received from the Clerk's office a

LAW OFFICES OF
**HARVEY GREENBERG**

Gregory Inskip, Esquire
October 3, 2007
Page 3

---

Judgment which reiterates that language; however, like the Order, no amount is included. (Please send me a copy of the Judgment.) The Judgment does not include a monetary amount. In my view, it would make sense to have a Judgment that specifies the *amount* of the Judgment, the interest rate and the costs. In fact, it would seem to me that Wal-Mart would want such a Judgment, so when paid, there is no question what amount is covered by a Satisfaction of Judgment which IDRT will sign, when payment is made. Indeed, it seems filing a "Satisfaction of Judgment" should be predicted upon the Court record reflecting the judgment amount that is satisfied. However, if Wal-Mart pays the amount stated herein within the time stated herein, IDRT will file a "Satisfaction of Judgment" when the check clears. We leave the decision of filing an Amended Judgment with a Stipulated amount up to you and Wal-Mart.

Very truly yours,

Harvey Greenberg

HG/ktc
Enclosure

c:  Patricia Uhlenbrock, Esquire (fax: 302-888-6897) — *and mailed 10/4/07*
    Dr. Corinne K. Vinopol                  571-1750