# Morris James LLP

Patricia R. Uhlenbrock
302.888.6897
puhlenbrock@morrisjames.com

January 23, 2008

The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lockbox 18
Wilmington, Delaware 19801

> Re: *Institute for Disabilities Research and Training, Inc.*
> *v. Wal-Mart Stores, Inc.*, C.A. No. 05-176-GMS

Dear Judge Sleet:

The Court has before it several matters pertaining to the above case. As the Court will recall, on September 25, 2007, a Memorandum and corresponding Judgment was filed with respect to a portion of the above case. The Judgment entered was in favor of the Plaintiff Institute for Disabilities Research and Training, Inc. ("IDRT") and against Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on Plaintiff's contract claim. The contract claim concerned the amount due for compensation for the alternate payment of what was called the Phase II Contract Price.

On or about May 22, 2006, to simplify or actually, to reduce the contested issues of work done, payments made, and balances due by one party to the other under the Development Agreement at issue, the parties signed and filed a Stipulation and Order (docket entry 47), which Stipulation and Order was signed and filed by the Court on or about May 26, 2006. A copy of that Stipulation and Order is attached. That Stipulation and Order provided that the principal issue was whether IDRT was entitled to compensation for Phase II of the contract over and above interim invoices paid by Wal-Mart (paragraph 1). In paragraph 2, the parties stipulated and the Court ordered that as a result of a number of smaller amounts of claims, payments, credits and adjustments owed by one party or the other, the net result was IDRT owed $28,292.01 to Wal-Mart. The third paragraph of the Stipulation and Order provided that the amount of $28,292.01 owed by IDRT to Wal-Mart would be set-off against any amount found owing by Wal-Mart to IDRT or, if none, that amount would be awarded to Wal-Mart on its counterclaim. In paragraph number 2 of the Court's Conclusion in its Memorandum of 9/25/2007, it reiterated the stipulated amount as a credit to Wal-Mart and held "IDRT is entitled to recover additional compensation for Phase II based on the 'Phase II Contract Price' reduced by the $28,292.01 credit owed by IDRT to Wal-Mart."

MorrisJames LLP

The Honorable Gregory M. Sleet
January 23, 2008
Page 2 of 3

It was anticipated that when the Court decided the issues in this case, it would determine the amount of the "Phase II Contract Price" then subtract from it the stipulated credit and reduce that amount to a money judgment. The 9/25/07 Judgment did not do that.

The parties tried to resolve the amount due on their own, but they were unable to do so and on the 30th day after the Court's Judgment, Wal-Mart filed a "Protective" appeal. On the same date (10/25/2007), IDRT filed a Motion to Amend or Alter Judgment (Federal Rule of Civil Procedures 59(e)) and alternatively, a Motion for Relief of Judgment (Federal Rule of Civil Procedures 60). Along with the Rule 59(e) motion, IDRT filed a Motion for enlarging time for filing the Rule 59(e) motion. IDRT also filed a Bill of Costs on the same date.

On or about November 8, 2007, Wal-Mart filed a response to IDRT's Motion to Alter or Amend Judgment and for Enlargement of Time, stating that the Court lacked jurisdiction in that it appealed the Court's 9/25/07 Judgment; and Wal-Mart filed an objection to IDRT's Bill for Costs. On November 14, 2007, IDRT filed a reply to Wal-Mart's response to its Motion to Alter or Amend Judgment or Relief of Judgment and Motion for Enlargement of Time. There has been no proceeding and no ruling on any of these matters.

In the meantime, the U.S. Court of Appeals for the Third Circuit on October 29, 2007 submitted a letter Order to the parties stating that it appeared the Notice of Appeal was taken from an Order which was not final within the meaning of 28 USC §1291 and was not otherwise appealable in that it appeared the amount of damages had not been quantified. The Third Circuit directed the parties to submit their position and they did so.

We just received a 1/9/2008 Order from the U.S. Court of Appeals for the Third Circuit which stated that in its review of the District Court record, it found that the parties "stipulated to the amount of damages which was approved by the District Court in an Order entered May 26, 2006." It further noted that there was a motion pending before the U.S. District Court to Alter or Amend Judgment and it decided to Stay the Order of Appeal "until such time the District Court disposes of the Motion." The parties were directed to inform the Third Circuit when the District Court entered an Order disposing of the motion.

We respectfully submitted that the 1/9/2008 Order from the U.S. Court of Appeals for the Third Circuit was incorrect. The Stipulation, which was referred to above, was not a Stipulation to the "amount of damages," but was the Stipulation which we have outlined above. In other words, still to be decided is the amount of damages based on the Phase II Contract Price, reduced by the stipulated credit. In addition, the Third Circuit's Order did not reflect that there were two (2) motions pending before the U.S. District Court; that is, the Motion to Alter or Amend Judgment and as indicated above, alternatively, a Motion for Relief of Judgment.

The Honorable Gregory M. Sleet
January 23, 2008
Page 3 of 3

Morris James LLP

        IDRT has filed a Motion for Reconsideration of the Third Circuit's 1/9/2008 Order. However, at this point, the case has been remanded to this Court for consideration of the post-trial motion(s).

        There is no need for trial on the amount of damages because all of the evidence concerning the Phase II Contract Price, CBL modules, amounts invoiced and payments made for development of CBL modules was submitted at trial.  If the Court would like to have written submissions based on the evidence at trial and/or oral argument, IDRT, of course, will be willing - and anxious - to comply.  We respectfully suggest that a Scheduling Conference between counsel and the parties' respective representatives may be in order and may help resolve this matter in an expeditious and efficient manner.

        We thank the Court for its consideration of these matters and these issues.

                    Respectfully submitted,

                    Patricia R. Uhlenbrock (#4011)

PRU/dar
Enclosures
cc:    Gregory A. Inskip, Esquire (via e-filing)
       Harvey R. Greenberg, Esquire (via e-mail)
       Clerk of the Court (via e-filing)

1675219/1