IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

| | |
|---|---|
| INSTITUTE FOR DISABILITIES RESEARCH AND TRAINING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 05-176-GMS ) |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) |

CLERK'S TAXATION OF COSTS

      A Bench Trial was held in the above case on April 24, 2006, before the Honorable Gregory M. Sleet.  The Court issued a Memorandum Order [DI 50] and Judgment [DI 51] in favor of Plaintiff, Institute for Disabilities Research and Training, Inc., and against Defendant, Wal-Mart Stores, Inc., on September 25, 2007.  Plaintiff simultaneously filed a Bill of Costs [DI 52] and a Motion to Alter Judgment [DI 55] on October 27, 2007.  On the same date, Defendant Wal-Mart filed a Notice of Appeal [DI 53] with the Court.  Defendant subsequently filed Objections to the Bill of Costs [DI 59] on November 8, 2007, arguing that Plaintiff's Bill of Cost was premature.  The Court entered an Amended Judgment in favor of Plaintiff, Institute Disabilities Research and Training, Inc., and against Defendant, Wal-Mart Stores, Inc., on June 6, 2008.  The Court's docket reflects that Defendant's appeal [DI 53] is still pending before the Third Circuit Court of Appeals.  The docket does not reflect the issuance of any appellate court mandate.

      The Clerk of Court may tax costs in accordance with District Court Local Rule 54.1 (amended June 30, 2007). Local Rule 54.1(a) states in part; "Unless otherwise ordered by the Court, the prevailing party shall be entitled to costs.  The party shall, ***within 10 days after the***

1

*time for appeal has expired or within <u>10 days</u> after the issuance of the mandate of the appellate court, file a bill of costs*. " (*emphasis added*).

The Court's docket reflects that Defendant's appeal [DI 53] is currently pending before the Third Circuit Court of Appeals. The docket does not reflect the issuance of any appellate court mandate.

Therefore, the Clerk finds that Plaintiff's bill of costs was prematurely filed pursuant to L.R 54.1(a), and it is subsequently **DENIED**.

Dated: June 25, 2008

                                        Peter T. Dalleo, Clerk
                                        U.S. District Court for the
                                        District of Delaware

                                        By   /s             
                                               Bob Cruikshank
                                               Deputy Clerk

cc:     The Honorable Gregory M. Sleet
         Peter T. Dalleo, Clerk

         <u>(By CM/ECF)</u> :

         Patricia Rose Uhlenbrock, Esq.
         Gregory A. Inskip, Esq.

IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

| | |
|---|---|
| INSTITUTE FOR DISABILITIES RESEARCH AND TRAINING, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 05-176-GMS |
| WAL-MART STORES, INC., ) ) | |
| Defendant. ) | |

CLERK'S TAXATION OF COSTS

      A Bench Trial was held in the above case on April 24, 2006, before the Honorable Gregory M. Sleet.  The Court issued a Memorandum Order [DI 50] and Judgment [DI 51] in favor of Plaintiff, Institute for Disabilities Research and Training, Inc., and against Defendant, Wal-Mart Stores, Inc., on September 25, 2007.  Plaintiff simultaneously filed a Bill of Costs [DI 52] and a Motion to Alter Judgment [DI 55] on October 27, 2007.  On the same date, Defendant Wal-Mart filed a Notice of Appeal [DI 53] with the Court.  Defendant subsequently filed Objections to the Bill of Costs [DI 59] on November 8, 2007, arguing that Plaintiff's Bill of Cost was premature.  The Court entered an Amended Judgment in favor of Plaintiff, Institute Disabilities Research and Training, Inc., and against Defendant, Wal-Mart Stores, Inc., on June 6, 2008.  The Court's docket reflects that Defendant's appeal [DI 53] is still pending before the Third Circuit Court of Appeals.  The docket does not reflect the issuance of any appellate court mandate.

      The Clerk of Court may tax costs in accordance with District Court Local Rule 54.1 (amended June 30, 2007). Local Rule 54.1(a) states in part; "Unless otherwise ordered by the Court, the prevailing party shall be entitled to costs.  The party shall, ***within 10 days after the***

*time for appeal has expired or within 10 days after the issuance of the mandate of the appellate court, file a bill of costs.* " (*emphasis added*).

The Court's docket reflects that Defendant's appeal [DI 53] is currently pending before the Third Circuit Court of Appeals. The docket does not reflect the issuance of any appellate court mandate.

Therefore, the Clerk finds that Plaintiff's bill of costs was prematurely filed pursuant to L.R 54.1(a), and it is subsequently **DENIED**.

Dated: June 25, 2008

                                              Peter T. Dalleo, Clerk
                                              U.S. District Court for the
                                              District of Delaware

                                              By   /s_____
                                                     Bob Cruikshank
                                                     Deputy Clerk

cc:    The Honorable Gregory M. Sleet
        Peter T. Dalleo, Clerk

        (By CM/ECF) :

        Patricia Rose Uhlenbrock, Esq.
        Gregory A. Inskip, Esq.